**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **NINA KLITSCH,** | ) | |
| | ) | **Case No.:** |
| Plaintiff**,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **DIVERSIFIED CONSULTANTS,** | ) | **FOR JURY TRIAL** |
| **INC.,** | ) | |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections** |
| | ) | **Practices)** |

## <u>COMPLAINT</u>

NINA KLITSCH ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Delaware therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Newark, Delaware 19702.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Blvd, St. 309, Jacksonville, Florida 32256.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone that she has had for over one year.

14. Plaintiff has only used this phone number as a cellular telephone.

15. Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

16. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

17. By way of background Defendant began calling Plaintiff in or around January or February 2015.

18. These calls continued and between September 2015 and July 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect an alleged consumer debt.

19. Defendant has been calling to speak to an unknown third party named Raymond Singleton.

20. During this time, Defendant placed automated to Plaintiff's cellular telephone.

21. The automated calls would begin with a pre-recorded voice or message.

22. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (215) 372-1682. The undersigned has confirmed that this number belongs to Defendant.

23. Plaintiff told Defendant that they were calling the wrong phone number and told Defendant to stop calling her when the calls first began in January or February 2015.

24. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25. Plaintiff was aware that Defendant was calling her because she spoke to several collectors named Amber, Timothy, Michael and Desmond Durante from the company.

26. Defendant placed automated voice messages to Plaintiff's cellular telephone.

27. During one call in 2015, Defendant threatened to file a lawsuit against Plaintiff.

28. Upon information and belief, Defendant conducts business in a way which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

29. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to contact an unknown third party named Raymond Singleton and continued to call with knowledge it was calling the wrong party.

**COUNT II**
**DEFENDANT VIOLATED §§1692e, 1692e(5), and 1692e(10)**

32. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

35. Defendant violated §§1692e, 1692e(5) and 1692e(10) when it threatened to take legal action against Plaintiff in without intending to pursue this course of action as Plaintiff was not the debtor.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

38. Defendant's calls to Plaintiff were not made for emergency purposes.

39. Defendant's calls to Plaintiff, on and after January or February 2015, were not made with Plaintiff's prior express consent.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, KAY MESSINA, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuan to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed fair and proper by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NINA KLITSCH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: 9/8/2016

By:*/s/ W. Christopher Componovo*__

W. Christopher Componovo
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: (302) 791-9373
Facsimile: (302) 791-9476